IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CLARENCE A. GIPBSIN,

    Plaintiff,

    v.

SANDDU, et al.,

    Defendants.

No. 2:19-CV-1276-KJM-DMC-P

ORDER

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's first amended complaint (ECF No. 11) and Plaintiff's motion for appointment of counsel (ECF No. 10).

**I. PLAINTIFF'S COMPLAINT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This

means that claims must be stated simply, concisely, and directly. See <u>McHenry v. Renne</u>, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See <u>Kimes v. Stone</u>, 84 F.3d 1121, 1129 (9th Cir. 1996). Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

As discussed above, Rule 8 requires a complaint contain a short and plain statement of the claim. Plaintiff's complaint refers to nearly 200 pages of attached documents which purportedly support the factual allegations against the defendants. This pleading method does not satisfy the requirement of Rule 8(a) that claims must be stated simply, concisely, and directly. To the contrary, plaintiff's complaint would require the court to comb through 204 pages of documents in order to determine whether plaintiff has stated any claims upon which relief can be granted. It is for plaintiff – not the Court – to formulate his claims in a way that satisfies the rules. The complaint will be dismissed with leave to amend. Plaintiff is cautioned that failure to file an amended complaint within the time specified herein may result in dismissal of the entire action. See Local Rule 110.

## II. MOTION FOR APPOINTMENT OF COUNSEL

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. See <u>Mallard v. United States Dist. Court</u>, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). See <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991); <u>Wood v. Housewright</u>, 900 F.2d 1332, 1335-36 (9th Cir. 1990). A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal issues involved. See <u>Terrell</u>, 935 F.2d at 1017. Neither factor is

dispositive and both must be viewed together before reaching a decision. See id. In Terrell, the Ninth Circuit concluded the district court did not abuse its discretion with respect to appointment of counsel because:

> . . . Terrell demonstrated sufficient writing ability and legal knowledge to articulate his claim. The facts he alleged and the issues he raised were not of substantial complexity. The compelling evidence against Terrell made it extremely unlikely that he would succeed on the merits.

Id. at 1017.

In the present case, the court does not at this time find the required exceptional circumstances. As discussed above, Plaintiff's complaint fails to meet the pleading requirement under Rule 8. For that reason, as currently pleaded, there is no likelihood of success on the merits. Further, Plaintiff's complaint seems to raise claims of alleged Eighth Amendment violations related to medical treatment. These claims are similar to those raised by numerous pro se plaintiffs. There is no indication that there is an exceptional component to Plaintiff's specific claims such to justify the appointment of counsel. For these reasons, at this time, Plaintiff's motion for appointment of counsel cannot be granted.

### III. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's first amended complaint (ECF No. 11) is DISMISSED with leave to amend;

2. Plaintiff shall file a second amended complaint within 30 days of the date of service of this order; and

3. Plaintiff's motion for appointment of counsel (ECF No. 10) is DENIED.

Dated: October 4, 2019

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

3